Citation Nr: 1725257 
Decision Date: 06/23/17 Archive Date: 07/17/17

DOCKET NO. 10-42 148 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to service connection for right hand osteoarthritis.

2. Entitlement to service connection for right foot osteoarthritis.

3. Entitlement to service connection for right hip osteoarthritis, status post total hip replacement, to include as secondary to multiple myeloma. 


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. Carsten, Counsel


INTRODUCTION

The Veteran served on active duty from October 1970 through July 1991. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia.

In November 2016, a Central Office hearing was held before the undersigned Veterans Law Judge. At that time, the record was held open for 60 days for the submission of evidence. 

This is a paperless appeal and the Veterans Benefits Management System (VBMS) and Virtual VA folders have been reviewed. 

The issue of entitlement to service connection for right hip osteoarthritis, status post total hip replacement, is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

In April 2016, the Veteran expressed a desire to withdraw the appeal involving the issues of entitlement to service connection for right hand osteoarthritis and right foot osteoarthritis.



CONCLUSIONS OF LAW

1. The criteria for withdrawal of an appeal concerning the claim of entitlement to service connection for right hand osteoarthritis are met. 38 U.S.C.A. § 7105(d) (West 2014); 38 C.F.R. § 20.204 (2016).

2. The criteria for withdrawal of an appeal concerning the claim of entitlement to service connection for right foot osteoarthritis are met. 38 U.S.C.A. § 7105(d); 38 C.F.R. § 20.204.


REASONS AND BASES FOR FINDING AND CONCLUSIONS

In June 2009, VA denied entitlement to service connection for right hand, right foot and right hip osteoarthritis. The denials were confirmed and continued in an October 2009 rating decision. The Veteran disagreed and subsequently perfected this appeal. 

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. Withdrawal may be made by the appellant or by his authorized representative. 38 C.F.R. § 20.204(a). Except for appeals withdrawn on the record at a hearing, appeal withdrawals must be in writing. 38 C.F.R. § 20.204(b).

In March 2016, VA received correspondence wherein the Veteran stated he accepted the findings regarding osteoarthritis of the right foot and right hand. VA subsequently asked the Veteran to clarify if he was withdrawing these issues. In April 2016, the Veteran submitted a statement confirming the withdrawal of the appeal involving the issues of entitlement to service connection for right hand and right foot osteoarthritis. 
As the appellant has withdrawn the appeal, there remain no allegations of errors of fact or law for appellate consideration as concerns those issues. Accordingly, the Board does not have jurisdiction over them and they are dismissed. 


ORDER

The claim of entitlement to service connection for right hand osteoarthritis is dismissed.

The claim of entitlement to service connection for right foot osteoarthritis is dismissed. 


REMAND

Additional development is needed as concerns the issue of entitlement to service connection for right hip osteoarthritis. See 38 C.F.R. § 3.159(c) (2016).

Following the November 2016 hearing the record was held open so that the Veteran could submit a medical nexus statement. While the appellant did not submit a statement in May 2017 he reported that for months he had attempted to get a Disability Benefits Questionnaire completed, and he specifically requested a copy of the Disability Benefits Questionnaire so he could carry it to an appointment. The Veteran should be provided a copy of the requested questionnaire.

The Veteran underwent a VA examination in October 2010 and the examiner provided a negative opinion on the question of entitlement to direct service connection. At the hearing, the Veteran argued that his service-connected multiple myeloma led to the right hip bone breaking down and the need for a total hip replacement. The record contains an internet article indicating that the primary effect of multiple myeloma is on the bone. On review, a VA examination is needed to address the question of entitlement to secondary service connection. 

Accordingly, the case is REMANDED for the following action:

1. Send the Veteran a blank copy of the VA Disability Benefits Questionnaire addressing hip disorders.

2. Thereafter, schedule the Veteran for a VA examination to address the nature and etiology of his right hip disorder. The VBMS and Virtual VA folders must be available for review. 

Following examination and review of all of the evidence of record, the examiner is to opine whether it is at least as likely as not the Veteran's current right hip disorder is proximately due to or aggravated by service-connected multiple myeloma. If aggravation is found, the examiner should identify a baseline level of disability. The examiner must discuss the article submitted on April 21, 2011 regarding multiple myeloma.

A complete rationale for any opinion expressed must be provided. If the requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge, i.e., no one could respond given medical science and the known facts, or by a deficiency in the record or the examiner, i.e., additional facts are required, or the examiner does not have the needed knowledge or training.

3. After the development requested has been completed, the RO should review the examination report to ensure that it is in complete compliance with the directives of this REMAND. If the report is deficient in any manner, the RO must implement corrective procedures at once.

4. The Veteran is to be notified that it is his responsibility to report for the examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2016). In the event that the Veteran does not report for the aforementioned examination, documentation should be obtained which shows that notice scheduling the examination was sent to the last known address. It should also be indicated whether any notice that was sent was returned as undeliverable.

5. Upon completion of the requested development, readjudicate the issue of entitlement to service connection for right hip osteoarthritis status post total hip replacement. If the benefit sought on appeal remains denied, the Veteran and his representative should be provided a supplemental statement of the case and be given an appropriate opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs